UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE P LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TODD H. MASTER, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-03250-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Docket No. 4, 10 |

## I.   INTRODUCTION

Plaintiff Candace Lee is a vexatious litigant who has, since 1998, been subject to a pre-filing order requiring her to get this Court's permission before initiating litigation. *See* Docket No. 20-1 Ex. A at 19 (imposing pre-filing order). On June 2, 2016, Judge Hamilton dismissed a complaint filed by Plaintiff, then using the name Candace Pingping Wuchang, pursuant to the pre-filing order, finding that the complaint was "frivolous and duplicative." *See* Docket 11 Ex. 1. Plaintiff filed the present complaint nine days later. The present complaint, although filed under a different name, is substantially identical to the one dismissed by Judge Hamilton. *See* Docket No. 1-1 ("Complaint"). Plaintiff's allegations are difficult to follow, but the gravamen of her complaint is that the various Defendants breached a settlement agreement in a prior case. Plaintiff did not, in filing this complaint, attempt to comply with the pre-filing order. Now pending before the Court are Defendants' Motions to Dismiss. *See* Docket Nos. 4 ("City Motion"), 10 ("Master Motion"). The Court **GRANTS** the motions and **DISMISSES** Plaintiff's complaint with prejudice.

## II.   FACTUAL AND PROCEDURAL HISTORY

This is the latest in a series of lawsuits that Plaintiff has filed against the City of Redwood

1    City, its police officers, and its attorneys.[1]  The various cases all stem from Plaintiff's eviction
2    from her home in 1995.  Following that incident, in 1996 Plaintiff and her sister each filed
3    lawsuits against the City and several police officers involved in the eviction.  *See* Master Motion
4    at 4.  Those suits resulted in judgment being entered in favor of the Defendants, including an
5    award of attorneys' fees of $25,000 to the City.  *Id.*  Plaintiff subsequently, in 1998, filed a
6    petition to discharge her debts under Chapter 7 of the Bankruptcy code.  *Id.*  In response, the City
7    sought to have Plaintiff's judgment debts declared non-dischargeable in bankruptcy.  The
8    Bankruptcy Court entered judgment in favor of the city on this issue.  *Id.*

9    In May 2005, Plaintiff was arrested for alleged domestic violence and for resisting arrest.
10   *Id.* at 5; *see also* Complaint at 11.  In 2006, Plaintiff filed an action against the City and its police
11   officers alleging that she was unlawfully arrested and subject to excessive force.  *See* Docket No.
12   11 Ex. 3 at 3.  Plaintiff continues to raise these allegations in the present action.  In August 2007,
13   Plaintiff and the various defendants entered into a stipulation for dismissal according to which
14   Plaintiff agreed to dismiss her lawsuit in exchange for the City's agreement to waive the previous
15   $25,000 judgment against her.  Docket 1-1 Ex. D.  In accordance with the terms of the stipulation
16   for dismissal, on August 9, 2007, the City executed an Acknowledgment of Satisfaction of
17   Judgment, which specifically provided that the judgments entered in favor of the City in Plaintiff's
18   prior case had "been satisfied in full."  Docket 1-1 Ex. C.

19   Over seven years later, on January 4, 2015, Plaintiff sent an email to Defendant Todd
20   Master, a partner in the firm that had previously represented the City, claiming that the $25,000
21   judgment against her "still [was] not considered as 'satisfied in full.'"  Docket No. 1-1 at 6.  Her
22   basis for this assertion appears to be that a Google search for her name returns the bankruptcy
23   court's prior decision that her judgment debt was nondischargeable.  *Id.* at 7-8.  In the exchange
24   that followed, Defendant explained that "the City provided you with signed Satisfactions of
25   Judgment as called for under the terms of the resolution of the case or cases," and advised Plaintiff

---

[1] As Defendants point out, there have been at least six such lawsuits in this court alone.  The 1998 prefiling order notes that Plaintiff has also been declared a vexatious litigant in state court.  *See* Docket No. 21-1 Ex. A.

United States District Court
For the Northern District of California

to retain a bankruptcy attorney if she believed "that a court, entity or person is not interpreting those documents correctly." *Id.* at 4. Plaintiff indicated that if the Defendant Firm would not "do anything to remove the bankruptcy $25,000 none [sic] dischargeable judgment" then she would "go back to the City of Redwood City to make a claim for all the damages caused me back then and now." *Id.* at 3.

Plaintiff also, on January 6, 2016, filed a motion with the bankruptcy court "to remove the nondischargeability" of the judgment entered against her. The court construed her motion as a request to vacate the prior nondischargeability judgment and denied it, noting that "the nondiscargeability judgment imposes no liability on Debtor separate from the liability that has already been released," and that accordingly, "vacatur is not necessary" because the judgment "simply became moot upon satisfaction." Docket No. 1-1 Ex. F.

Plaintiff, under the name Candace PingPing Wuchang, filed a complaint in this Court against the present Defendants on May 26, 2016. 16-mc-80115-PJH, Docket No. 1. Judge Hamilton dismissed the complaint for failure to comply with the pre-filing order on June 2. On June 13, Plaintiff filed the present complaint, in large part identical to the previous one, this time under the name Candace Lee.

Plaintiff's complaint is frequently difficult to decipher, but her asserted claim for relief is "breach of prior case settlement contract," which she claims arises under 42 U.S.C. § 1983. Docket No. 1-1 at 10. She also realleges that Redwood City police officers used excessive force during her 2005 arrest, although she does not frame her excessive force allegations as a separate claim for relief. Plaintiff also claims that Defendants "fooled" both Plaintiff and Judge Armstrong into agreeing to the settlement dismissing that case, and argues that Judge Armstrong unknowingly granted dismissal on the basis of Defendants "intentional wrong acts. *Id.* ¶¶ 17-18.

On July 7, 2016, Defendants City and Bolanos filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). Docket No. 4. Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff has failed to allege a case or controversy within the meaning of Article III, that her claims are all time barred, and that she had not alleged sufficient facts to state a claim. On July 28, the remaining Defendants (the City's attorneys) filed their motion to dismiss,

3

asserting the same grounds for dismissal. Docket No. 10.

On July 26, the Court issued an Order to Show Cause why the complaint should not be dismissed as to the City defendants for Plaintiff's failure to respond timely to the motion to dismiss. Docket No. 8. On August 9, Plaintiff filed a response to the OSC indicating that she had been unable to respond on time because she was in Taiwan pursuing other litigation. Docket No. 17. On August 15, Plaintiff filed her oppositions to the two motions to dismiss. Docket Nos. 21 and 22. The two oppositions, which are identical, do not respond to the substance of Defendants' motions to dismiss. Rather, they assert generally that Plaintiff has suffered an injury-in-fact for purposes of standing, and assert that Plaintiff is entitled to punitive damages.

### III.  DISCUSSION

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint cannot survive under this standard. First, as each group of Defendants observes, all of her claims are time barred. Although Plaintiff appears only to allege one cause of action – what she characterizes as a claim under 42 U.S.C. § 1983 for breach of the settlement agreement – construing her pro se complaint liberally it appears that she may intend to bring an additional claim for excessive force under § 1983. Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California, the statute of limitations for breach of contract is four years, *see* Cal. Code Civ. P. § 337, and the limitations period for personal injury actions is two years, *see id.* § 335.1; *see also Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42

4

1  U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action
2  arose."). The conduct she complains of, meanwhile, took place in 2005, for the excessive force
3  claim, and 2007, for the supposed breach of the settlement agreement. Her complaint therefore is
4  at best five years late. Even if this Court were to construe Plaintiff's principal claim as a
5  standalone breach of contract claim, rather than a § 1983 claim, it would still be untimely under
6  the same four-year California limitations period.[2] *See* Cal. Code Civ. P. § 337. Plaintiff's
7  opposition does not respond in any way to Defendants' timeliness argument. This alone is a
8  sufficient basis for dismissal.

9  Even if her complaint was timely, however, Plaintiff does not state a plausible claim. With
10 respect to the purported breach of the prior settlement agreement, even pretending that there were
11 some basis to bring this as a § 1983 claim – Plaintiff has alleged no facts pertaining to any of her
12 federal rights that were violated, nor to *Monell* liability on the part of the City – there is simply no
13 factual support whatsoever for the claim that Defendants breached the settlement agreement. To
14 the contrary, Plaintiff herself filed a copy of the Acknowledgment of Satisfaction of Judgment,
15 which had been filed with this Court in 2007. Docket No. 1-1, Ex. C. Plaintiff's allegation is
16 plainly based on her misunderstanding of the search results for her name. Because she is still able
17 to find the bankruptcy court's nondischargeability order online, she believes that it is still in effect,
18 despite the explanation of the Court itself that the order is moot in light of Plaintiff's release by the
19 City. But the state of the bankruptcy court record does not constitute a breach on the part of any
20 Defendants. Defendants carried out their obligations under the contract.

21 With respect to any excessive force claim, Plaintiff's allegations are identical to those
22 raised in her 2007 lawsuit. In other words, they are the very claims that Plaintiff agreed to dismiss
23 with prejudice nine years ago in exchange for the waiver of the judgment against her. *See Lee v.*
24 *City of Redwood City*, C-06-3340, Docket No. 123. Plaintiff raises no new allegations, nor does
25 she make any argument as to why she should be permitted to relitigate those voluntarily dismissed
26 claims nearly a decade later. This claim is barred by res judicata. *See Ruiz v. Snohomish Cty.*

---

[2] Moreover, it is doubtful that this Court would have jurisdiction over such a state law contract claim.

5

*Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) ("Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.").

The Court further concludes that Plaintiff's claims should be dismissed with prejudice. Despite the general rule that courts should freely grant leave to amend, "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Granting Plaintiff leave to amend in this case would be futile for the reasons stated above; she simply has no plausible basis for claiming that any of the Defendants breached a settlement agreement with her, nor is there any basis for her to belatedly relitigate the excessive force claims that she voluntarily dismissed nine years ago.

Furthermore, her complaint was brought in bad faith. After Judge Hamilton dismissed Plaintiff's first attempt to raise the present claims for failure to comply with the pre-filing order, Plaintiff re-filed nearly the identical complaint a little over a week later, under a different name. Failure to comply with the pre-filing order warrants dismissal. But this blatant attempt to circumvent Judge Hamilton's order, along with Plaintiff's continued failure to comply with the prefiling order, also demonstrates her bad faith. As the Supreme Court has explained, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. In this case, in light of Plaintiff's long history as a vexatious litigant and her imperviousness to explanation regarding the status of the judgment against her, common sense dictates that she has not raised any plausible claims for relief and the instant filing is in bad faith. The Court therefore grants Defendants' motions to dismiss.

///
///
///
///
///

6

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motions and **DISMISSES** Plaintiff's complaint with prejudice. The Clerk of Court is instructed to enter judgment and close the file.

This order disposes of Docket Nos. 4 and 10.

**IT IS SO ORDERED**.

Dated: October 18, 2016

_____
EDWARD M. CHEN
United States District Judge

7